Our final case of the morning and of the term is case number 11900, Connie Bowman v. Michael Ottney. Are you ready to proceed? Yes. Apple, are you ready? Mr. Hopkins? Good morning. Good morning. Madam Chief Justice, may it please the court, counsel. I am John Hopkins. I'm here as counsel for the appellate, Connie Bowman. Connie Bowman is the special administrator of the estate of Char Bowman, her deceased daughter. We come to the court today seeking a reversal of the Fifth District's opinion, an opinion that affirmed a denial of a motion to change of judge at the trial level. We ask for not only justice in our case, but we ask that this court at this time clear up a long overdue, issue a long overdue clarification in a murky and cloudy area of civil procedure. This case is a medical malpractice case, but let me tell you what's more importantly what it is not. It is not a divorce case with a continuum of pleadings all within the same number, all within the same judge. It's not a petition for relief under section 2-1401. It is a separate case with a separate filing number, with separate service upon the defendant, all of which distinguishes it entirely from the cases that have been cited that disallow the change of judge. It's defendant's position, a position that was affirmed at the trial court level and then approved at the Fifth District, that if you voluntarily dismiss your case, then refile it, and you have the chance to draw the same judge, you've lost your right to a change of judge. You've lost your right that's guaranteed by statute. Now, this cannot be the case. It cannot be the case that you lose a statutorily enforced right merely because of luck. There's a more inherent problem in that. The two cases that are in support of the defendant's position, the Ramos case and now the Bowman case, both come from small counties. Ramos comes from Henry County, where there's 50,000 people. Bowman comes from Jefferson County, where there's less than 40. The combined population of those two counties do not even equal where I come from, Madison County. What does it mean? It means that it's more likely that if you're in a small county and you exercise your statutorily guaranteed rights, you voluntarily dismiss a claim, then within the one year you refile it, your chances of drawing the same judge in the original case are greatly increased because there's only so many judges. This is a problem that is more likely to occur in the small counties. It is not likely to occur in Cook County, where there are… This was a situation where there was a random assignment rather than a reassignment to the… I assume it was a random assignment. We have no evidence to the contrary. I assume that all assignments to judges are random. In this instance, it would be a situation where the pool to draw from is small. If you only have three judges who are doing major civil cases, you have a one in three chance of drawing the same judge. If, on the other hand, you're in a bigger county where you may have 20 judges, your chances are much better. But that somewhat misses the point in that this whole matter of the guarantee of statutorily protected rights should not be left to chance. This case is an issue of who controls the civil procedure in the state of Illinois. Should it be this court with its established precedent, or should the lower courts be allowed to ignore the precedents and come up with their own rules because they think it is somewhat fair? What is the meaning of the plain language in the case in Section 2101A2I? I'm not quite catching it. Well, it says an application for substitution of judges' rights should be made by the motion and shall be granted if it is presented before trial or hearing and before the judge to whom it is presented has ruled on any substantial issue in this case. The phrase I'm focusing on is in this case. And the key word being this case. And it means the case that's before the court. And in this instance, you had two cases. One was 0934, I believe. The other one was 13L41. In this case means the case that's before the court. So in this particular application, it would mean the 13L41. Are there any differences in the two complaints? The differences in the complaints are somewhat cosmetic in the sense that Dr. Ottney's employer was in the first case. That defendant was dropped. The hospital where the occurrence occurred was dropped previously and was not renamed in the second complaint. So the cause of action is the same cause of action, correct? There's no question about that. It is a medical malpractice case against Dr. Ottney. And the issues in terms of discovery, evidence, et cetera, they would be the same in both cases, correct? To a large extent, that is correct. That is correct. It is a medical malpractice case against Dr. Ottney. But it has been refiled now with a new number. And in the first case, this same trial judge had made at least two decisions in terms of admissibility of evidence, experts, opinion witness. There's no question that there had been an abundance of substantial rulings within the context of the original case. That's not disputable. But the problem is that it's our interpretation of the statute that irrespective of the similarity of the case law, of the case, it is essentially a different case for the purposes of the determination of whether or not you have a right to a substitution of judge. Because it has a new number? It has a new number. Because it has a new number, it is a completely different case. Let me draw the illustration. In a divorce case, and I don't do divorce work, so I'm only going by what I know, you file a petition for a divorce. The divorce may or may not be granted. There's post-judgment relief. There's relief relating to children, relating to custody, relating to maintenance. There's no new number. There's no reservice upon the parties. You simply file it because it's a continuation of the same case. So if in that matter there's a situation where you would attempt to file a petition for a new judge pursuant to statute, you're really not in a different case. There's no difference. This case means the same thing, the original case. In a 2-1401, you have a similar situation. The statute says that it is a new case, but it's not a continuation. So again, you don't have to refile it. You don't have to serve the defendant again. You don't have to have a situation where you get a new number. You simply file your petition, give notice to the other side, and your matter is in before the court. So there's a big difference between that and what happened here. There is no question that the reason why we're here is because we had the random drawing of drawing Judge Overstreet again. Now, if we had drawn another judge, there would have been no petition for change. So the question then comes down to, is your statutorily guarantee? Could I go back to that? So you're saying you would not have moved to change another judge. Is that what you're saying? I only knew one judge in Jefferson County, and I made my basis on that. So the answer is probably not. No, I said definitely not. So a new judge, you'd have no problem. The problem you had was the reason why you wanted to file this is because Judge Overstreet had presided in the case before? I felt, based upon my subjective analysis, that Judge Overstreet would not be impartial in this case with respect to my client. Now, that is what the statute gives me the right to do. Any practitioner who feels that a judge is not going to be fair to them in the case has the right to take the change. That's what 2-101 means. Now, in this instance, that was not granted to us. We believe unfairly because Judge Overstreet presided in the previous case is absolutely of no relevance. It's of absolutely no relevance in this case. I would like to also go to another aspect. But you would have had the right to come in and seek a substitution if you'd shown prejudice, even in the original case. Isn't that correct? The burden to show prejudice is fairly high, and it is a more objective type of a burden. I would draw the distinction between the two aspects of the statute, the for cause and without cause, one being very subjective in the mind of the practitioner, the other one being with cause being more objective. But to answer your question, yes, we would certainly have the right to file it. We would never forfeit that. But the problem is that in this particular instance, we believe that it would be better for our client, it would be more fair for our client to have a different judge. So a litigant that voluntarily dismisses the case really has two opportunities to get a new judge without showing prejudice. Is that what the end result is? The end result is at least, well, the answer is no. Unless the situation is that if you file the case originally and you're assigned to a judge that you wish to take change from, in theory you could exercise that change. You could voluntarily dismiss the case, and then it could be that it's assigned to a judge to whom you also have a problem, and you would then take that change. But it's well to note that you only get one per filing, one per filing. And you have to actually only get the right to voluntarily dismiss your case one time. So the notion of so-called judge shopping, as we addressed it in our reply brief, this is not a problem. It's not a problem because the Supreme Court rule, specifically 219, indicates that a voluntary dismissal cannot be granted if there's some substantive motion still before the court. There is an aspect in the brief of the defendant that suggests that there was something that we were trying to avoid. That simply isn't the case. There was no dispositive motion on file. We were not set for trial. We were at least one year away from a trial, even though the case had been on file for four years. There was nothing to avoid with respect to a procedural motion. It's well to note that the voluntary dismissal was granted, without objection by the defendant, which indicates clearly that there wasn't anything pending. But the issue comes down to whether or not the statute gives you the right. Whether or not the statute gives you the right to do things, and you as a practitioner in response to your client's needs have exercised that right. And we clearly indicate to the court that we believe that the answer to that is yes. You do have that right. The lower court cannot in any way restrict your ability, cannot in any way confine your ability to exercise that statutory right. Because the case law of this court, the Dubina case, and that is the case that has been completely ignored by both the Ramos court and by the Bowman court. The Dubina court said explicitly that the newly refiled case after a voluntary dismissal is a new case. And if it's a new case, it gets all of the responsibilities, it gets all of the rights and privileges. The responsibilities of a new case are that you can't just file it at the circuit clerk's office and expect that to count as service. You have to refile it. You have to get a new number. You have to serve the defense. Those are your responsibilities. Your rights are that you have a statutorily guaranteed right to take a change from judge from whom you may feel there is a degree of partiality that will affect your client. Mr. Hopkins, you may have already said this, and forgive me if I'm asking you something. With the new case, did you file a new filing fee, pay a new filing fee? Yes, sir, we did. I apologize. We filed a new case. When we filed the new case, it was a trappings of just as it had been as the statute requires. This is a newly filed case. We had to file a new filing fee, get it assigned a new number, and then serve the defendant again because it was a new case. Now, again, I would emphasize to the court, it's one or the other. It's one or the other. It's either a continuation of the old case for which you don't have to do anything and it continues on, which is ineffectively then overruling this court's precedence, beginning with the Dubina case. Actually, the Dubina case consolidates a number of cases that say the same thing. And what they say is this, that when you file a new case after a voluntary dismissal, when you exercise your statutory rights, it's a new case. So if it's a new case, then it gets all the privileges and all the rights that come from any case. Now, by affirming the Fifth District, what you will be doing is, in effect, overruling this long, long, long line of cases that say that a refiled case is a new case. You're making it a combined. Secondly, there is the so-called test the waters doctrine that has come up repeatedly in this case. It is our respectful urge of this court that you put an end to that with this case. We have mentioned in the brief that we believe that the test the waters doctrine is obsolete. And it's obsolete because of the statutory change. In the Fourth District case, the case of Schiff v. Schiff, they indicated that the test the waters case has been made obsolete by the change in the statute, the 2-001. There is confusion. There is elements of in-clarity or lack of clarity with practitioners now. We ask this court to clear it up, to change that situation, to put the test the waters doctrine to its long overdue requiem is what we said in the brief. That means to just put an end to it. It's a doctrine that has no applicability. It has no applicability in this case because this isn't a continuation case. It has applicability perhaps in other cases can be argued, but those cases the argument would be false because the statute has circumvened it. You mentioned Section 210-01. Kozloff was decided before the 1993 amendment to that section. Is there any significance in that? There's two significances to the Kozloff. The fact that Kozloff was before the amendment to the statute indicates that it was operating under a different assumption, the assumption that there needed to be more of a showing before there would be a change in judgment. Secondly, Kozloff is a divorce case. It's a divorce case and there's no question that in a divorce case it's the same case. There's no clear demarcation, and that's an absolutely critical point. When there is the clear point of demarcation between the old case and the new case, you cannot mesh them together, and that's what the judges at the trial court level, that's what the judge did at the appellate court level, did in the Bowman case. They took the two cases and they meshed them together. That's the only way it can be read. The trial judge here followed Ramos basically in the test of the water, and you're clearly defining that for us because you didn't file a motion to substitute a judge over street in the original action but waited until after you had tested the waters by your own acknowledgment. It's pretty clear here. It's either test the waters or it's the statute. It's the line you want us to draw. That is correct. There's no question that the only option left candidly with me at the trial level would have been a motion for cause with Judge Overstreet, which this court has just recently indicated in certain cases that has become a very difficult and high burden. The problem was is that had a different judge been involved in this case, we would not be here. That because of the randomness, the caprice of drawing the same judge, we lose our statutory rights. Now, that obviously does not seem equitable. That obviously does not seem to be what the law is intended to do. If it's a new case, it's a new case. And that there are certainly adequate safeguards. This notion of judge shopping, going from judge to judge, is simply not right. You have requirements of within one year. You only get to voluntarily dismiss once. If you attempt to voluntarily dismiss twice, you will be thrown out of court pursuant to the Timberlake case. So you get one chance to do it. One chance with regards to the judge. Those are the adequate safeguards together with Supreme Court Rule 219, which requires the imposition of cost, which requires that a motion be denied if there is a pending dispositive motion. And at this stage of the case, the only thing that would have been dispositive would have been summary judgment. If you had filed a motion to disqualify or to substitute prior to any rulings and gotten a new judge, and then you voluntarily dismissed and it was randomly assigned to Judge Overstreet, would you have to file a new motion or would it not have been assigned to him? Could it have been assigned to him? I don't know. Well, I don't exactly know how it's done in Jefferson County. I'm assuming that it's done by the clerk's office without any knowledge of the judges. And it's done on a numerical filing. So you would have had to have used your one chance to substitute on Judge Overstreet twice. If that were the situation. We have every litigant within every case has one change of judge by right. And if you have to use the change of right in the original case, and then you're unlucky to draw the same judge in the second case, it would behoove you to use that in the second case. Counsel, you just said that there are different cases, so wouldn't you get another chance to get a change in the second case if it's a new case? Sure. You have two cases. If in the first case you had, for whatever reason, the desire to take a change, you would take the change in the first case. Then you refile it after the voluntary dismissal. If you draw the same judge, then you would exercise your change in that case as well. But in each case, since they're separate and distinct, in each case you get a statutorily guaranteed right of one change of judge without cost. Thank you. Good morning. May it please the Court. Counsel. I'm Brad Elward. I'm here on behalf of Dr. Michael Ott. And as you can tell from the arguments of counsel and the briefs in this case, it really comes down to, I think, a rather straightforward question for the Court to decide today, but there's significant implications attached to that. We think the question that we have before us today is, do we give Section 2-1001 a strict reading and thereby allow a party to take a substitution of judge as a right after that party has had an opportunity to form an opinion on how the judge will view the case? Or do we apply the rule against judge shopping and limit that substitution of right in cases where the trial judge, as here, has made substantive rulings in a prior litigation involving the same cause of action and the same parties? Mr. Elward, in light of that initial response, do you agree then with the Dubena case that says a voluntary dismissal and refiling is an entirely new and separate action? Well, that is the holding of that case, but I don't. Well, so in light of that, putting that into the plain language, this is a new case. And I guess my question is, if the legislature didn't intend it, they can change it tomorrow. But what do we do with the plain language that says the case and a ruling of this Court that indicated it's a new case? Well, there's two ways I'd like to approach that. First of all, as to the prior Supreme Court case, it talks about whether or not it is a new action. The case says exactly that. But I think when we look to rules such as this Court's own Rule 219, it allows a judge in a refiled case to look back into the prior case and look at discovery rulings that were made so that the attorney in the original case is not running away from discovery rulings. And what 219E says is that the new judge in the refiled case has the opportunity to consider those rulings and consider those orders that relate to discovery, the timetables, et cetera. The purpose behind that rule was in essence to avoid a judge shopping, which is exactly what we're arguing here. So I would say to you, yes, you can find that the original case, and I pronounce it poorly all the time, but Dubonnet, retains its validity. And I don't think that by ruling in our favor and answering the certified question in the affirmative that you have to overrule that case. I think it would be the same application of the rationale that you used in setting forth Supreme Court Rule 219E. It's the same concerns, and what you're allowing is a trial judge in a refiled case to look back for a limited purpose and exercise his or her discretion. Again, we're not saying that in every situation when a motion such as this comes up that a trial judge such as Judge Overstreet has to say denied. We're not saying that at all. We're saying that that judge on the refiled case should have the discretion to say, no, I'm not going to allow this in this case. And that's what we're asking for here. We're not asking for an automatic ruling. And I think by reading the prior decision of this Court and considering what was done in Supreme Court Rule 219E that you can rationalize that and allow this case to stand with the certified question answered in the affirmative as well as the prior case. So tell me exactly what the plain meaning of in the case means then. That's really, I think, a key point for us because it will describe the path that we want to take with this case. It's our position that that's one of the four ways that this Court can affirm the appellate court's decision below. And you're right. In the case is a matter that we need to interpret it. And I like to describe it to the people in my office by saying, well, is it in the instant numerical filing? Is it in the 13L case that we're going to focus? Are we allowed to consider the phrase in the case as the litigation between the parties on the same matter and between the same parties? Now, this isn't a case where we've got a dispute over some contract provisions and the parties file a suit over provision X and then a year later they want to file a suit against provision Y. We're talking about the same case. And counsel has admitted this is the same litigation. It's the same malpractice claim. So it seems to us that in the case can be read broadly to allow a judge on a refiled case to look back and ask whether there were substantive rulings in the prior case on the same subject matter. I'm a little concerned with that analysis, Mr. Elwood. What would that do to, like, 214.01 jurisprudence? Is that a new case that has to be filed in new service except in the circumstances in which it's the same case? I think you can make that. And I think that given some of the jurisprudence in this issue, that the court can treat a matter as a new case for some purposes and as a continuation of a case for another. One of the cases that we cited in our brief was a decision rendered by this court a couple years ago in the Grusheska case, which was a workers' comp appeal 19-F involving the application of the mailbox rule. And one of the arguments was made in that case was that, well, you've got your commission proceeding, it goes to the work comp commission, and then you have to file your judicial review or an appeal with the circuit court. And that case gets a new number. There's a statute of limitations for when you have to file that. It's assigned a new number. You have to issue summons. It's basically treated as an independent case. And what this court was asked to do is say, well, are we going to apply the mailbox rule in that situation? We don't normally apply a mailbox rule with the filing of a complaint. I can't file a complaint for negligence against somebody by putting it in my mail and sending it off on the bubble of the statute of limitations and expect that that's going to be found timely. I've got to go to the courthouse, and I've got to present that to the clerk, and I've got to file that. And so the question was, do we consider this judicial review a new filing, or do we consider it in essence of an appeal and a continuation of the case? And, of course, your response was that the mailbox rule applies because it's an appeal and it's a continuation of the case. But that doesn't negate or vitiate the requirements so that I still, when I file a work comp review, I have to go to the circuit court, I've got to file it and get a new number, and I've got to pay my new fee, and I've got to serve summons on the opposing party. So there's precedence for this in the court's prior decisions, and there's precedence for this in some of the appellate court decisions. Certainly Ramos has a similar view to this. The Nymer case, which is 214-01, drew that distinction and said, well, there are some times we can look back at a prior case and draw from that certain portions of it. And that's all we're asking to do here, and we believe that that's wholly consistent with 219-E because that's exactly what is being done with prior discovery rulings. So we don't think that that's a stretch to ask the court to do that in the circumstances. Counsel, may I ask you a question? You mentioned Supreme Court Rule 219. Yes. And in Supreme Court Rule 219, the rule talks about voluntary dismissals and prior litigation. Yes. So it sounds like just where we are here. Right. And the rule, and this is in terms of discovery, the rule goes on to talk about how the court in this next case, how we're going to talk about it, the court shall consider discovery taken, any misconduct, and orders entered in prior litigation involving a party. So in other words, the rule anticipates that in that new case, the judge is going to be considering what took place in the first case, correct? I would agree with that, yes. So I suppose I could cut a couple different ways, but I think could there be an argument that this rule is trying to get to the heart of judge shopping, the idea that judge makes a bunch of rulings, plaintiff doesn't like it, plaintiff dismisses the case, gets a new judge, and has escaped those bad rulings against them. This rule seems to try to address that problem. I agree. I absolutely agree with that. And that's part of the argument I think that we're trying to articulate today to the court, is that 219 is a vehicle which allows a judge in a refiled case to exercise that discretion that we've just been talking about and look back into the prior case. And certainly this is written with restricted discovery deadlines, orders, and discovery rules. But I think that the rationale behind that and the purpose behind that is exactly what we're asking this court to do to this case and why we're asking it to allow a trial judge the discretion to look back into that prior case. That cuts both ways, though. I think where Justice Tice is coming from is there is already protections afforded in that whole procedure in which previous rulings aren't going to be, if you do substitute out a judge, aren't going to be affected and that judge will just take over going forward. So it cuts both ways. I don't want to speak for her, but I don't think she was talking from the perspective of it necessarily being supportive of not being able to change judges. It was a question. Yeah, she'll tell me later. I speak for her often, actually. I think in part what you're suggesting, too, is similar to the argument that was made in the amicus brief filed by Ittler. They're saying, well, everything that the defendant in this case is complaining about, they can resolve with respect to Rule 219E. And I don't think that that's, whether or not that applies to orders as a whole in the case or just discovery orders that relate to the admissibility of experts, et cetera, I don't think that's patently clear. But there's more to having a trial judge in the case than just discovery orders. Can you help me with this? In one of the briefs, at least, it indicates, I think in your brief, you indicate that there were subjective decisions made by the trial judge in the first case, including a 213 opinion, some other opinions of some other doctors. It seemed like discovery kind of substantive rulings, correct? Yes, that's correct. So it certainly would seem that 219 is squarely involved in this new case. I do think it is. And again, I think the key is how do we get to a finding where the trial judge in a refiled case has discretion to consider what happened in the prior case, in the other case, in the original case. And I think 219 supports that. I think 219 provides the rationale that supports our position here. And I'd like to back up for a second. The way I had intended to originally present this case is to point out, I think there's four ways that you can affirm the appellate court in this case and answer the affirmative, the certified question in the affirmative. And I think the first way is to read that language from 2-1001 in the case in a broad manner so that it does include the prior litigation. But if the court decides that you're going to strictly interpret that rule and say, no, in the case means the 13L case that the person refiled, that's where you're stuck. Well, I think that's where the testing of the waters doctrine has relevance. Now, counsel has argued that that doctrine is outdated, it should be thrown away. We don't think so. Whether you want to limit that doctrine and say, I'm not comfortable with this notion of going into a case management conference and having the judge kind of make a comment, well, if you're going to file a motion for summary judgment down the road, Mr. Elwood, I'd be inclined to grant that. If you don't want to say that's a tipping the hand or testing the waters, we're fine with that. That really isn't applicable in our case. We've got a prior substantive ruling. We've got multiple prior substantive rulings. This is what testing the waters should be allowed to be preserved to address. Both doctrines of testing the waters and the language of 2-1001 are intended to prevent judge shopping. And I'd like to kind of deviate for a second and bring up a question that was asked at the oral argument by one of the justices, and I think it helps put some of this in perspective on what the rule was intended for. He says, Mr. Elwood, didn't the General Assembly anticipate and sanction judge shopping by the language of Section 2-1001? Because as long as it's before hearing, as long as it's before trial, and as long as it's before a substantive ruling, then it's an absolute right. And I said, well, I don't necessarily agree with that because I think the notion of judge shopping that the Supreme Court and the appellate courts have been cautious of over the years is judge shopping based on opinions formed of how the judge is going to view the instant case where you're at, your case, your litigation between the parties. Now, we all know as attorneys and former practicing attorneys that there are judges that we look at and we think, well, that judge might be a little inclined to go on the plaintiff's side. That judge might have some leanings on the defense side. Based on my prior appearances, I don't think that judge likes me, but I can't articulate it in an affidavit. So if I encounter that judge in a trial setting, I might say I'm going to file a motion under 2-1001 and exercise my right of substitution of judge. Now, the key there is that my observations are generic ones based on matters outside the case. My prior experiences with the judge, maybe one of my partner's experiences with the judge, I'm sitting in court watching cases like I did earlier today before me, and I see how the judge interacts with a particular counsel or a side, and I'm like, I'm not sure I want to go there. But the problem of judge shopping is I'm in a case, I see a ruling, I think it's going against me, and I think based on that ruling and that direction that this judge is not going to be favorable, not going to receive my case favorably. That's what the judge shopping concerns are about. And if we have a strict interpretation of 2-1001, as counsel suggests, and a strict interpretation of the refiling under 13-217, then we have to have at least a limited form of testing the Waters Doctrine to protect us in situations where there's obvious judge shopping. I mean, you can look at the facts of this case. He can say we weren't, but the facts of this case scream yes, that's what happened. This case slips through the cracks if you get rid of testing the Waters Doctrine and you have a literal interpretation of 2-1001. You have a situation, as Your Honor pointed out, where you could file a case and have it proceed and have the opportunity to file a change of judge, but don't, and then get into the next case on the refile and have that second opportunity. They've had two opportunities, and I think it's important to remember, this is a case where it was filed before Judge Overstreet. It proceeded. It went on for years. It was about three years before the case was voluntarily dismissed. There were substantive rulings, and after the substantive rulings, they moved for voluntary dismissal. This is not a case where he had general thoughts, as I went through earlier. I don't particularly want to be in front of Judge Overstreet. That only developed after the substantive rulings in the case, and then he filed a motion for voluntary dismissal so that he could move away from it. Now, I think that's important to keep in mind here. Now, we've talked a little bit about the notion of there are certain situations where you can have a case considered a new case for the purposes of filing, service, and other issues, but yet consider it not a new filing for the purposes of a limited issue, perhaps discovery or substitution of judge. But there's one other way. You can disagree with me on all the things that I've said to you and still affirm for this reason. There is a generic power and discretion given to a trial judge to control the docket of his court or her court. And the cases have said, and it was cited in the amicus brief, it was the, I believe, the Wilson case that was cited in the amicus brief, an otherwise proper motion to substitute judge can be denied if it's perceived to be filed to delay trial or litigation. And that was one of the alternative bases that the appellate court here decided when it answered the certified question in the affirmative. It said, aside from the test in the waters doctrine, a bigger principle is that a trial judge has the discretion to control the docket. And if he believes that this is a case where the motion was filed in order to avoid or delay trial, then the judge has the power to deny that motion. If we agree with you, do we have to overrule SHNEP on the Fourth District? I would say that that's probably the only case that you would have to consider whether you have to overrule that. I think if you adopt the positions that my opponent is suggesting, we place a number of cases in jeopardy. Reversing here. Overruling Ramos. Overruling the cases from the Third, Fifth, First, and arguably Second District that have all applied the test in the waters doctrine. Overruling the Neimark case. There's a variety of cases that would need to be overruled to adopt the positions that my opponent is advocating. I would say here that the only case that would have to be scrutinized closely and determine whether or not that would need to be overruled would be the SHNEP case. I would agree with that. That's definitely a possibility. The testing of a water doctrine I think serves a viable purpose. And, of course, it depends on how you interpret in the case. If you're going to say 2-1001 is to be strictly construed, then we have to have that doctrine to protect for situations like this because otherwise this case slips through the cracks. And we can't have that. The elephant in the room in this case when counsel argued today and before the appellate court is judge shopping. All the arguments about we have a new case, we have a new filing, the absolute right to voluntary dismiss, the right to substitute judge as a matter of right, they're all ignoring the concept of judge shopping. And that's important. You've said it's important. And I guess I would leave you with this. Rather than looking at this case in the vacuum, irrespective of the concept of judge shopping, I think we can advocate for the applications of the principles that this court has already announced in many of its prior cases and the appellate court cases from various districts. And that's one, the ability to look back into a prior case for a limited purpose to consider prior rulings. 219E allows us to do that. Applying discretion where there's evidence of judge shopping. Case law allows us to do that. And empowering a circuit court to police its own cases where motions are made to delay trial. That's Wilson. All of those are decisions of this court or the appellate courts of this state, and all we're asking is for a ruling consistent with those decisions in that Supreme Court rule. And again, we think we've offered four grounds that you can use to affirm the appellate court's decision. Again, you could throw out the first three that we talked about, and you could give it deference to the discretion that the trial judge has to control his or her docket. Thank you. Thank you. The issue of discretion is exactly what this case is about. The statute doesn't give the trial court any discretion. The certified question that was brought up before the appellate court and now before you all is that in a case that's been voluntarily dismissed pursuant to 735 and then subsequently refiled, does the trial court have discretion to deny a plaintiff's immediately filed motion for substitution of judge based on the fact that the court had made substantive rulings in the previously dismissed case, the key word being discretion. The statute needs to be strictly interpreted. Words have meaning. They mean what they say. This case means the newly filed case. 219 is a restriction on whoever the judge may be with respect to the operation of the newly refiled case. In that case, we would be entitled to a new judge, but we wouldn't be entitled to a new expert. We wouldn't be entitled to a new set of rulings. That wouldn't be the case. The judge may or may not determine that Judge Overstreet's prior rulings were proper. They may think that Judge Overstreet's rulings were clearly in violation of existing case law. But we don't get a new expert. We don't get a new cast of characters. All we get by statute is a new judge. The rule does have a policy piece to it, too, though. It says a party shall not be permitted to avoid compliance with discovery deadlines, orders, or applicable rules by voluntarily dismissing a lawsuit. I mean, clearly the Supreme Court rule is saying that, yes, there is a statute that allows for voluntary dismissals, but that's not a vehicle to avoid prior rulings. And it allows the court in the second case to look back at the first case and to see what happened in the first case, see if there is misconduct, see what the orders were, see what the deadlines were. So this rule allows this looking back piece related to two cases. The look back is by the judge to whom the newly refiled case is assigned. But that judge has to properly be in the case. And I would respectfully state to the court that if a motion for change of judge has been properly filed, that judge has no discretion but to remove themselves from the case. So my argument would be that the judge in this case had no business making any rulings at all. They had Judge Overstreet. Once the motion was filed, and it's immediately filed, it was filed within four days of him making the assignment. So the statute does not give him the discretion to look back. The aspects of 219 would apply to Judge Weber or any of the other judges of Jefferson County, who would then take up the case. But it would not, would not give the discretion to Judge Overstreet. There was no trial date set in this case. We were at least a year away from trial based upon the prior findings of the court. There was no dispositive motion being filed. If there was a motion for summary judgment on file, and we took a voluntary, filed a voluntary dismissal, and it was allowed by the court, it would be a remarkable situation. It would be something to which the defendant would have objected. There was nothing pending. There were, there was no attempt to avoid a discovery deadline. You suggested the case was pending for four and a half years before this motion was filed? I'm suggesting that it was pending, it was filed for four years, yes. Yes. There's no question about that. And what I'm saying in response to what I think your question is getting to, once it was refiled after the voluntary dismissal, it's a wholly new case. So what went on in the past is only relevant to the judge who takes up the case. If I would, again, I would point out that words matter. They mean something. The statute says before the judge whom it is presented has ruled a substantial issue in the case, the case, not in a prior case, but in the case. And the only way you can affirm this case is to throw out all the precedent cited by Dubiney that says a newly refiled case is a case filed after voluntary dismissal is a new case. You will take what's supposed to be a clarity of purpose in the statute and make it incredibly confusing. Moreover, this will only happen, it will happen with frequency in small counts, with few judges. And you're allowing statutory rights to be at the caprice of the random draw of the judge. You put a chilling effect on a statutorily guaranteed right. Who would want to take that chance? If you feel you have a problem with the judge and your reading of the statute says you can take a voluntary dismissal, then take a change of judge from that particular. And that's what the statute says. But you've only got two judges in your county. There are certain counties that only have one judge. What do you do under that circumstance? Beyond that, if you don't stomp out, in my words, this test the waters doctrine, here's what you're going to have. You're going to have a situation in small counties where you file a case and a judge will say, hey, two years ago you had a case in front of me, you had your chance to form your opinion of me. I'm going to disallow this change of judge. You're never going to get a change of judge because you allow the judge to say you tested the waters in that earlier case, if you fuse cases together. But if you keep the line of demarcation from case to case, you won't have this confusion. We respectfully urge the court to overrule and reverse the decision of the judge because, as I say, words mean something, and the case means the case. Thank you. Case number 11900, Connie L. Bowman, Special Administrator, etc., versus Michael D. Otney, will be taken under advisement as agenda number 24. Mr. Hopkins and Mr. Elwood, we thank you very much for your interesting arguments this morning. You are excused at this time. That concludes our September term of court argument call, so the court will stand adjourned.